

FILED

13 AUG -6 AM 11: 10

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC LABS INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CELEBRITY SIGNATURES INTERNATIONAL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>HAIRUWEAR, INC. (named herein as Celebrity Signatures International, Inc.), a Delaware Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>DC LABS INC., a Delaware Corporation, and DOES 1-10,<br><br>Counter-Defendant. | CASE NO. 12-CV-01454 BEN (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS FOURTH COUNTERCLAIM;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Docket Nos. 14, 15] |

Presently before the Court is Plaintiff/Counter-Defendant DC Labs Inc.'s Motion to Dismiss Fourth Counterclaim and Motion to Strike Affirmative Defenses. (Docket Nos. 14, 15.) For the reasons stated below, the Motion to Dismiss is **GRANTED**, and the Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff/Counter-Defendant DC Labs Inc. is in the business of manufacturing and distributing hair growth and body care products. (Compl. ¶ 3.) Defendant/Counterclaimant HairUWear, Inc., erroneously sued as Celebrity Signatures International, Inc., sells wigs, hair replacement and "alternative hair" accessories to hair stylists, wig stores, and high-end professional beauty supply retailers. (First Am. Answer Countercl. ¶ 4.)

DC Labs is the owner of the word mark OVATION CELL THERAPY, U.S. Federal Trademark Registration No. 4,082,488; the word mark OVATION HAIR, No. 4,142,800; and a design mark consisting of the word OVATION in a stylized format below a circle with an interior design of curved lines, No. 4,082,489. (Compl. ¶¶ 7-10.) The registrations were issued in 2012. (*Id.* ¶¶ 8-10.) DC Labs alleges that it commenced using these marks in the United States as early as September 2007 in connection with the sale and offer for sale of hair care products. (*Id.* ¶ 7.) DC Labs further alleges that it has used these marks to identify its goods by prominently displaying the marks on its products, Internet website, and advertising materials. (*Id.* ¶ 12.) In addition, DC Labs manufactures and sells a line of hair care products, including shampoos and conditioners "specially formulated to promote growth along with exceptional moisture, fullness and shine to users' hair," using the mark OVATION. (*Id.* ¶¶ 14-15.)

According to DC Labs, HairUWear has been using the term "Ovation" in association with goods closely related to DC Labs' goods. (*Id.* ¶ 18.) Specifically, HairUWear allegedly began to market and sell its Raquel Welch wig line in interstate

commerce under the term "Ovation" after DC Labs started to use the OVATION marks in commerce. (*Id.* ¶¶ 18-19.)

This action was filed on June 15, 2012. The Complaint asserts seven claims: (1) false and misleading advertising practices in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); (2) trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1); (3) trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c); (4) trademark infringement in violation of California Business and Professions Code § 14245; (5) dilution of trademark under California Business and Professions Code § 14247; (6) common law unfair competition; and (7) unfair business practices under California Business and Professions Code §§ 17200 *et seq.* (Docket No. 1.)

HairUWear filed a First Amended Answer, Affirmative Defenses, and Counterclaims on October 8, 2012, raising eighteen affirmative defenses and four counterclaims. (Docket No. 12.) Presently before the Court is DC Labs' motion to dismiss HairUWear's Fourth Counterclaim and motion to strike all eighteen affirmative defenses. Being fully briefed, the Court finds the motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

### I. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"); *accord Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding *Twombly*'s plausibility standard applies to claims, counterclaims, cross-claims, and third-party claims). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery

will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

DC Labs moves to dismiss the Fourth Counterclaim. In the Fourth Counterclaim, HairUWear alleges that DC Labs has completely abandoned the trademarks subject to the '488, '489, and '800 Registrations, as a result of non-use. Specifically, HairUWear alleges that "DC Labs has either never used its alleged trademarks with *all* of the goods listed in the '488, '800 and '489 Registrations, or it has discontinued use of its alleged trademarks with *all* of the goods listed in the '488, '800 and '489 Registrations." (First Am. Answer Countercl. ¶ 57 (emphasis added).) In addition, in its prayer for relief, HairUWear seeks cancellation of DC Labs' registrations in total. (*See id.* ¶ 11 (praying "[f]or the Clerk of this Court to notify the Director of Patents and Trademarks pursuant to 15 U.S.C. § 1119 to rectify the Principal Register by order of this Court to remove therefrom and cancel United States Trademark Registration Nos. 4,082,488; 4,142,800; and 4,082,489.").) DC Labs moves to dismiss the Counterclaim for failure to state a claim.

To state a claim for abandonment under the Lanham Act, a plaintiff must allege that: (1) the mark was abandoned through non-use, or (2) the mark has become generic. 15 U.S.C. § 1127. To show that a mark has been abandoned by non-use, a plaintiff must establish that: (1) the mark's use has been discontinued, and (2) the owner of the mark intended not to resume such use. *Id.*

Under Section 37 of the Lanham Act, a court may cancel registrations "in whole or in part." 15 U.S.C. § 1119. In regards to complete cancellation for abandonment, a plaintiff must show that all of the goods and services associated with the registered trademark have ceased being used in commerce. *See Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931, 938 (9th Cir. 2006) ("abandonment requires complete cessation or discontinuance of trademark use").

In regards to partial cancellation for abandonment, the parties have not cited any appellate decision addressing whether a registration may be cancelled in part for non-

use of a specific good listed in the registration when the owner has used the mark in relation to the other goods listed. However, the Trademark Board acknowledges the possibility of partial cancellation for abandonment of a specific good listed in the registration, in the pleading context. *Dak Indus., Inc. v. Daiichi Kosho Co.*, 35 U.S.P.Q.2d 1434, 1438 (Trademark Tr. & App. Bd. 1995). Thus, partial cancellation is legally possible for abandonment of a specific good listed in the registration. *See Monster Cable Products, Inc. v. Discovery Commc'ns, Inc.*, No. C 03-03250, 2004 WL 2445349, at *2 (N.D. Cal. Nov. 1, 2004).

First, the Court will address the '488 and '489 Registrations. HairUWear has not alleged facts that may support a claim for complete abandonment. Rather, HairUWear alleges facts that may support only a claim for partial abandonment. The registered goods in both the '488 and '489 Registrations are "hair care products, namely, shampoos, conditioners, and styling preparations, styling spray, styling lotion, styling gel and styling mousse." (Compl., Exhs. 1, 3.) HairUWear contends that DC Labs has never used the '488 Registration in conjunction with "styling preparations, styling spray, styling lotion, styling gel and styling mousse." (First Am. Answer Countercl. ¶ 36.) Similarly, HairUWear alleges that DC Labs has never used the '489 Registration in conjunction with "styling lotion, styling gel and styling mousse." (*Id.* ¶ 42.) HairUWear has failed to allege that DC Labs has not used the mark in conjunction with all the products listed in the '488 and '489 Registrations, as is necessary to support an allegation of complete abandonment. Accordingly, the Court finds that HairUWear has failed to state a claim for abandonment of the '488 and '489 Registrations.

Second, the Court will address the '800 Registration. In the '800 Registration, the registered goods are "[h]air care preparations." (Compl., Exh. 2.) DC Labs argues that HairUWear's claim for complete abandonment contradicts its own allegation that DC Labs has made an online representation about its products using the '800 mark OVATION HAIR, since the URL of the website contains the phrase "ovationhair." (*See* First Am. Answer Countercl. ¶ 26.)

In regards to abandonment, the Lanham Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, . . . not made merely to reserve a right in a mark." 15 U.S.C. § 1127. Courts look to the totality of the circumstances to determine whether the alleged usage qualifies as use in the ordinary course of trade. *Electro Source*, 458 F.3d at 940. Courts may consider factors such as:

> the genuineness and commercial character of the activity, the determination of whether the mark was sufficiently public to identify or distinguish the marked service or product in an appropriate segment of the public mind as those of the holder of the mark, the scope of the trademark activity relative to what would be a commercially reasonable attempt to market the service or product, the degree of ongoing activity of the holder to conduct the business using the mark, the amount of business transacted, and other similar factors which might distinguish whether a service or product has actually been rendered in commerce.

*Id.* (quotation marks and alterations omitted).

Although the Court does not decide this issue at this stage of the proceeding, use of the phrase "ovationhair" in the URL of DC Labs' website may later be found to constitute use of the '800 Registration in the ordinary course of trade. Accordingly, the Court finds that HairUWear has failed to state a claim for abandonment of the '800 Registration.

The Court **GRANTS** DC Labs' Motion to Dismiss HairUWear's Fourth Counterclaim.

## II. MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited

importance of pleadings in federal practice." *Benham v. Am. Servicing Co.*, No. C 09-01099, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009).

"[A]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (internal quotation marks omitted). "[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).

An affirmative defense may be stricken if it is factually or legally insufficient. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Uriarte v. Schwarzenegger*, No. 06-CV-1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012). What constitutes fair notice, however, depends on the nature of the defense being asserted. *Nguyen*, 2010 WL 3749284, at *1 (citation omitted). For well-established defenses, merely naming them may be sufficient, but for others, a party may need to allege additional factual matter to provide fair notice. *Ganley v. Cnty. of San Mateo*, No. 06-3923, 2007 U.S. Dist. LEXIS 26467, at *5 (N.D. Cal. Mar. 22, 2007) (citation and quotation marks omitted). At the end of the day, however, motions to strike "will not be granted if the insufficiency of the defense is not clearly apparent." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004).

Plaintiff urges the Court to apply the "plausibility" pleading standard of *Twombly* and *Iqbal* to affirmative defenses. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550

U.S. at 570. *Wyshak*, which describes the more lenient "fair notice" standard, predates *Twombly* and *Iqbal*. Lower courts are divided as to whether the plausibility pleading standard for complaints also applies to affirmative defenses.

This Court has concluded that it does not. *See Rapp v. Lawrence Welk Resort*, No. 12-CV-01247, 2013 WL 358268, at *3 (S.D. Cal. Jan. 28, 2013) (reasoning that the language of the Federal Rules of Civil Procedure and judicial economy counsel against application of the more stringent standard). Several other courts in this district have reached the same conclusion. *See Roe v. City of San Diego*, No. 12-CV-0243, 2013 WL 811796, at *3 (S.D. Cal. Mar. 8, 2013); *Kohler v. Staples the Office Superstore, LLC*, No. 11-CV-2025, 2013 WL 544058, at *2-3 (S.D. Cal. Feb. 12, 2013); *Uriarte*, 2012 WL 1622237, at *3; *Weddle v. Bayer AG Corp.*, No. 11-CV-817, 2012 WL 1019824, at *2-3 (S.D. Cal. Mar. 26, 2012); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Meas v. CVS Pharmacy, Inc.*, No. 11-CV-823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011). Plaintiff has not persuaded the Court to change course. It will apply the more lenient "fair notice" standard.

DC Labs moves to strike all eighteen of HairUWear's affirmative defenses. Each will be addressed in turn.

### A. Fifth Affirmative Defense—Lack of Validity

With regard to the Fifth Affirmative Defense ("lack of validity"), HairUWear alleges that "Plaintiff has no valid trademark rights in the trademarks asserted in the claims." (First Am. Answer Countercl. at 9.)

To establish a trademark infringement claim, DC Labs must first establish that it owns valid protectable trademarks. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Trademark registration constitutes prima facie evidence of the validity of the registered mark, which can be rebutted by the accused infringer. *Id.* at 1047 (citing 15 U.S.C. §§ 1057(b), 1115(a)). There are numerous ways in which the validity of a registered mark can be challenged. "Lack of validity" by itself, therefore, is conclusory and fails to meet the fair notice standard.

*See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *6 ("The key to the sufficiency of a defense is notice: . . . the mere assertion of a broad category of legal theories, such as estoppel, with numerous possible applications requires additional specificity to satisfy the notice pleading standard."). Accordingly, DC Labs' motion to strike the Fifth Affirmative Defense is **GRANTED**.

### B. Seventh Affirmative Defense—No Punitive Damages

HairUWear alleges that DC Labs is not entitled to recover punitive damages because (a) it "has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice"; (b) it "has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff or that Defendants were motivated by evil motive or intent"; and/or (c) the relevant California laws are "too vague to permit the imposition of punitive damages" and "violate the Fourteenth Amendment of the United States Constitution." (First Am. Answer Countercl. at 9.)

To the extent that the defense challenges the sufficiency of DC Labs' allegations supporting the imposition of punitive damages, it is a denial rather than an affirmative defense. Part (c), the constitutionality defense, on the other hand, is properly pled. The Court **GRANTS** the motion to strike parts (a) and (b) of the Seventh Affirmative Defense. Part (c) of the Seventh Affirmative Defense remains.

### C. Eighth Affirmative Defense—No Injunctive Relief

HairUWear's Eighth Affirmative Defense alleges that DC Labs is not entitled to injunctive relief because "any injury is not irreparable, Plaintiff has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief." (First Am. Answer Countercl. at 9.)

A party seeking injunctive relief must demonstrate irreparable injury, that there is inadequate remedies available at law, that equitable remedy is warranted considering the balance of hardships between the plaintiff and defendant, and that public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). HairUWear's statement is essentially a denial of DC Labs'

claim for injunctive relief, not an affirmative defense. DC Labs' motion to strike the Eighth Affirmative Defense is **GRANTED**.

### D. Eleventh Affirmative Defense—No Attorneys' Fees

In the Eleventh Affirmative Defense, HairUWear alleges that "Plaintiff has failed to allege facts sufficient to support a claim for attorney's fees or costs." (First Am. Answer Countercl. at 10.) DC Labs moves to dismiss the defense, arguing it is not a defense at all. "The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action." *Barnes*, 718 F. Supp. 2d at 1174. Accordingly, the allegation does not preclude HairUWear's liability for the alleged trademark infringement. DC Labs' motion to strike the Eleventh Affirmative Defense is **GRANTED**.

### E. Twelfth Affirmative Defense—No Secondary Meaning

HairUWear alleges that Plaintiff's trademarks are not protectable because they lack distinctiveness and have acquired no secondary meaning. (First Am. Answer Countercl. at 10.)

To state a trademark infringement claim under the Lanham Act, a plaintiff has the burden to prove that the mark is "distinctive." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046-47 (9th Cir. 1998). A mark is distinctive if the mark is inherently distinctive, or if the mark has acquired secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11 (2000). Since a trademark registration constitutes prima facie evidence of the validity of the registered mark, the burden shifts to the accused infringer to rebut the presumption. *Brookfield Commc'ns*, 174 F.3d at 1047 (citing 15 U.S.C. §§ 1057(b), 1115(a)). Accordingly, lack of distinctiveness is a proper affirmative defense, not merely a denial of an element of the plaintiff's prima facie case.

In addition, HairUWear alleges the specific grounds on which the validity of the marks can be rebutted—lack of distinctiveness. The Court finds that these allegations have provided fair notice. *See Desert European Motorcars, Ltd. v. Desert European*

*Motorcars, Inc.*, No. EDCV-11-197, 2011 WL 3809933, at *9 (C.D. Cal. Aug. 25, 2011) (denying motion to strike affirmative defense that alleges that "the mark is not distinctive and has not acquired secondary meaning"). DC Labs' motion to strike the Twelfth Affirmative Defense is **DENIED**.

### F. Fifteenth Affirmative Defense—Not Indicator of Source

HairUWear alleges that DC Labs' purported trademarks "do not function as an indicator of source and therefore are not protectable at law." (First Am. Answer Countercl. at 10.)

The Lanham Act defines the term "trademark" to include "any word, name, symbol, or device, or any combination thereof—(1) used by a person, . . . to identify and distinguish his or her goods, . . . and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. If the marks do not function as an indicator of source, a claim for trademark infringement cannot stand. Since a trademark registration constitutes prima facie evidence of the validity of the registered mark, the burden shifts to the accused infringer to rebut the presumption. *Brookfield Commc'ns*, 174 F.3d at 1047 (citing 15 U.S.C. §§ 1057(b), 1115(a)). "Not indicator of source," therefore, is a proper affirmative defense.

In addition, HairUWear alleges the specific grounds on which the validity of the marks can be rebutted—not an indicator of source. The Court finds that these allegations have provided fair notice. *See Desert European Motorcars, Ltd.*, 2011 WL 3809933, at *9. DC Labs' motion to strike the Fifteenth Affirmative Defense is **DENIED**.

### G. Sixteenth Affirmative Defense—Marks Not Famous

HairUWear alleges that the purported trademarks "are not famous and therefore are not protectable at law." (First Am. Answer Countercl. at 10.)

In order to prove trademark dilution under the Lanham Act, a plaintiff must show that: "(1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the

- 11 -

12cv01454

defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998) (citing 15 U.S.C. § 1125(c)), *modified on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). Because the burden of proof is on the plaintiff, "marks not famous" is more appropriately characterized as a denial rather than an affirmative defense. DC Labs' motion to strike the Sixteenth Affirmative Defense is **GRANTED**.

### H. Seventeenth Affirmative Defense—Lack of Damages

HairUWear alleges that DC Labs has not sustained any damages as a result of the conduct complaint of. (First Am. Answer Countercl. at 10.). As DC Labs argues, this defense is simply an attack on the causation element of DC Labs' prima facie case and is not a proper affirmative defense. DC Labs' motion to strike the Seventeenth Affirmative Defense is **GRANTED**.

### I. Remaining Affirmative Defenses

Plaintiff moves to strike the remainder of HairUWear's affirmative defenses, arguing that they fail to provide fair notice to Plaintiff. The First Affirmative Defense alleges failure to mitigate, the Second alleges waiver, the Third alleges unclean hands, the Fourth alleges acquiescence/consent, the Sixth alleges abandonment, the Ninth alleges trademark misuse, the Tenth alleges innocent use, the Thirteenth alleges prior use, the Fourteenth alleges third party use, and the Eighteenth alleges that the trademark is generic. The Court finds that under the fair notice standard, these affirmative defenses are sufficient to put Plaintiff on notice of the nature and grounds of the defenses. Accordingly, Plaintiff's motion to strike the First, Second, Third, Fourth, Sixth, Ninth, Tenth, Thirteenth, Fourteenth, and Eighteenth Affirmative Defenses is **DENIED**.

///

///

///

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** DC Labs' Motion to Dismiss HairUWear's Fourth Counterclaim.

In addition, the Court **GRANTS IN PART** and **DENIES IN PART** DC Labs' Motion to Strike. The First, Second, Third, Fourth, Sixth, Seventh (part (c)), Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Eighteenth Affirmative Defenses remain. The Fifth, Seventh (parts (a) and (b)), Eighth, Eleventh, Sixteenth, and Seventeenth Affirmative Defenses are **STRICKEN**.

HairUWear is **GRANTED** twenty-one (21) days from the date this Order is filed to file a Second Amended Answer, Affirmative Defenses, and Counterclaims.

**IT IS SO ORDERED.**

DATED: August 12, 2013

HON. ROGER T. BENITEZ
United States District Judge